J-S01037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY LEE ROSE | : | |
| | : | |
| Appellant | : | No. 432 MDA 2018 |

Appeal from the PCRA Order January 5, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-CR-0000062-2011

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED FEBRUARY 19, 2019**

Gary Lee Rose (Rose) appeals *pro se* from an order of the Court of Common Pleas of Clinton County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We take the following relevant facts and procedural history from this Court's opinion filed on August 25, 2015, on direct appeal as well as our independent review of the certified record. Rose pleaded guilty to Driving Under the Influence (DUI)[1] on September 9, 2011. He was sentenced to a term of five years' intermediate punishment (IP) and nine months of incarceration to be served at the county facility. This Court affirmed the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(b).

judgment of sentence.  Appellant thereafter unsuccessfully litigated a PCRA petition.

On July 21, 2014, the trial court revoked the 2011 county IP sentence. It resentenced Rose to a term of not less than 21 nor more than 60 months' incarceration to be served in a state correctional institution.[2]  The court also found Rose eligible for the Recidivism Risk Reduction Incentive Program (RRRI)[3] and imposed an RRRI minimum sentence of 15 months and 22 days. We affirmed the judgment of sentence on August 25, 2015.

Rose filed the instant PCRA petition *pro se* on September 1, 2016. Appointed counsel subsequently filed a ***Turner/Finley***[4] no merit letter. Following its consideration of Rose's *pro se* response, the PCRA court dismissed his PCRA petition.  Rose timely appealed.[5]  Both the PCRA court and

_____

[2] The court ran the sentence consecutively to the sentence imposed in a separate DUI case.

[3] **See** 61 Pa.C.S. §§ 4501-12.

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc).*

[5] Although the PCRA court filed its order on January 5, 2018, the clerk of courts did not send the order to Rose until February 2, 2018.  (**See** Order, 2/02/18).  Rose's notice of appeal, filed on March 1, 2018, was, therefore, timely.  **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa. Super. 2000) (time for taking appeal not triggered until notice of order given; notice of appeal filed after 30-day deadline was timely where clerk failed to furnish copy of order to defendant).

Rose complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b).[6]

Rose raises two issues for our review in the argument section of his brief, arguing the trial court's lack of jurisdiction to resentence him, and the ineffective assistance of trial and appellate counsel. (*See* Rose's Brief, at 15-28).[7] However, neither of these issues are included in Rose's 1925(b) statement. (*See* Rule 1925(b) statement, 3/22/18) (claiming PCRA court error in dismissing PCRA petition with first holding hearing).

It is well-settled that an appellant's failure to comply with Rule 1925(b) results in the waiver of issues on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). *In Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "Any issues not raised in a 1925(b) statement will be deemed waived." *Id.* at 309; *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (reaffirming principles stated in *Lord*). Accordingly, Rose's failure

---

[6] The court also entered an order permitting appointed counsel's discharge from the case in accordance with Rose's wishes.

[7] "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

to include his issues on appeal in his Rule 1925(b) statement waives all claims.[8]  Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019

---

[8] We also note that the argument section of Rose's brief is rambling and unsupported by cogent discussion of pertinent legal authority.  **See** Pa.R.A.P. 2119, 2101.  His arguments are, therefore, waived on this basis as well. Furthermore, Rose's first claim arguing the trial court's lack of jurisdiction to re-sentence him was already rejected by this Court on direct appeal and was previously litigated.  **See** 42 Pa.C.S. § 9544(a); (**see also Commonwealth v. Rose**, 2015 WL 5971193, at *2 (Pa. Super. filed Aug. 25, 2015) (unpublished memorandum)).